IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 1 3 2004

CLERK

FRANCISCO GONZALES-LIRANZA,

    Plaintiff,

v.      No. CIV-04-1230 BB/ACT

CO JASON GARCIA & (MDC) METROPOLITAN
DETENTION CENTER,
LT. BELL & CITY OF ALB.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se



complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Garcia issued torn overalls to Plaintiff and refused to replace them with a good pair. Plaintiff requested intervention by a supervisor. Defendant Bell came to the location and, allegedly without provocation, sprayed pepper spray in Plaintiff's face. Bell then shoved Plaintiff, locked him in his cell, used racial or ethnic epithets, and discussed the incident with co-workers. Plaintiff received no response to his grievances. He seeks $500,000.00 in damages.

Plaintiff's claims against Defendants Garcia, Metropolitan Detention Center, and City of Albuquerque will be dismissed. To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation, *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988), and Plaintiff makes no such allegation against Garcia. Respondeat superior liability does not provide a basis for a civil rights action against a Defendant for the actions of co-workers, *see Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 816-17 (10th Cir. 1981), or against the city for the acts of its employees. *See Butcher v. City of McAlester*, 956 F.2d 973 (10th Cir. 1992); *Jantz v. Muci*, 976 F.2d 623 (10th Cir. 1992). Furthermore, the detention center is not a proper defendant ("person"). *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (§ 1983 claims dismissed because police department not a separate suable entity), *vacated and remanded on other grounds*, 475 U.S. 1138 (1986); *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) (". . . local government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt*, 469 U.S. 464,

472 and n.21 (1985)), *aff'd*, 986 F.2d 1429 (Table) (10th Cir. 1993). Accordingly, Plaintiff's claims against these Defendants will be dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Garcia, Metropolitan Detention Center, and City of Albuquerque are DISMISSED; and the Clerk is directed to issue notice and waiver forms, with a copy of the complaint, for Defendant Bell.

_____
UNITED STATES DISTRICT JUDGE